IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERTHA G. RANDALL, | } |
| Plaintiff, | } |
| v. | } Case No.: CV 03-P-2968-S |
| THE PERSONNEL BOARD OF JEFFERSON COUNTY, et al., | } |
| Defendants. | } |

**ENTERED**
JUN - 9 2004

## MEMORANDUM OPINION

The court has before it Defendants' Renewed Motion to Dismiss (Doc. # 21) filed April 2, 2004. Pursuant to the court's April 5, 2004 order, (Doc. #22), Plaintiff was to submit any opposition brief to the above-referenced motion by the end of April. As of the date of entry of this order, the court has not received any written opposition from Plaintiff to the motion. In addition, the court held a status conference call with all parties on June 8, 2004, and Plaintiff also declined to offer any oral opposition to the motion.

As outlined below, the court has conducted an independent analysis of the Plaintiff's complaint under the Rule 12(b)(6) standard[1] and concludes that Plaintiff's complaint fails to state a

---

[1] Defendants' motion to dismiss attaches matters outside of the pleadings–the March 15, 2004, Order of the Circuit Court for the Tenth Judicial Circuit of Alabama and the March 12, 2003 Order of the Jefferson County Personnel Board. (Doc. # 21, Exhibits A and B). Rule 12(b) provides: "If on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b)(6). However, "[i]t is within the judge's discretion to decide whether to consider matters outside of the pleadings that are presented to the court." *Jones v. Automobile Ins. Co. of Hartford, Conn*, 917 F.2d 1528, 1531-32 (11th Cir. 1990); *Property Management & Investments,*



claim upon which relief can be granted and therefore is due to be dismissed.

**I.      Standard of Review**

Defendants have challenged the sufficiency of the complaint under Rule 12(b)(6), which provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). "'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'" *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001)). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory she relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original)(citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

"The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for

---

*Inc. v. Lewis*, 752 F.2d 599, 604 (11th Cir.1985). In this case, the court finds that it need not consider matters outside of the pleadings presented to the court as part of the motion to dismiss, because the court can take judicial notice of the decisions of the personnel board and state court. *Ehlert v. Singer*, 245 F.3d 1313, 1317 n.4 (11th Cir. 2001). Accordingly, the court will *not* convert the motion to dismiss to a Rule 56 motion for summary judgment.

2

failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Serv., Inc.* 769 F.2d 700, 703 (11th Cir. 1985)(quoting *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d 989, 995 (11th Cir. 1983)). When the above-referenced standard is applied to the complaint, the motion to dismiss is due to be granted.

## II. Discussion

Plaintiff's amended complaint alleges that her October 4, 2002 termination from her position of Probation Officer with the Jefferson County Family Court violated the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States under 42 U.S.C. § 1983, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and Alabama Code § 25-1-20, *et seq.* (Doc. # 3). The court need not outline the specific factual allegations of Plaintiff's complaint nor reach the merits of Plaintiff's claims because the court concludes that the doctrine of res judicata completely bars the Plaintiff's claims in this case.

As discussed in footnote 1 *supra*, the court takes judicial notice of the March 12, 2003 Order of the Jefferson County Personnel Board in *Jefferson County Family Court v. Randall*, Case No. 1421 (Jefferson County Personnel Board March 12, 2003) (hereinafter "*Personnel Board Order*"), and the March 15, 2004 Order of the Circuit Court for the Tenth Judicial Circuit of Alabama in *Randall v. Jefferson Family Court, et. al.*, CV-03-1849-ER (10th Judicial Circuit of Alabama March 15, 2004) (hereinafter "*State Court Decision*"). The Personnel Board, having considered the testimony of witnesses and the exhibits introduced, found that the evidence presented by the Plaintiff's employer sufficiently demonstrated "that the action taken [] [was] appropriate and consistent with the Board's Rules and Regulations." *Personnel Board Order*, at 6. The Board sustained the Defendants' decision to terminate Plaintiff and found that termination was justified

3

because Plaintiff did not "possess the necessary skills in file maintenance to allow her to adequately do the job of Probation Officer." *Personnel Board Order*, at 6-7. On appeal, the Tenth Judicial Circuit of Alabama found "that there is substantial evidence in the record to support the decision of the Jefferson County Personnel Board." *State Court Decision*, at 1. Plaintiff has not appealed the *State Court Decision*.

In this case, both the Personnel Board, a state agency, and the Tenth Judicial Circuit, an Alabama state court, have resolved and determined that substantial evidence supported the Personnel Board's decision to terminate Plaintiff and that the termination decision was consistent with Board rules and regulations.[2] Accordingly, res judicata bars the Plaintiff's claims in this action for two reasons. First, this court gives an agency's findings of fact the same preclusive effect to which they would be entitled in the State's court. *See Travers v. Jones*, 323 F.3d 1294, 1296 (11th Cir. 2003); *University of Tennessee v. Elliott*, 478 U.S. 788, 799 (1986). Second, this court gives prior state court judgments the same full faith and credit that the judgment would receive in the Alabama state courts. 28 U.S.C. § 1738; *see Ogden v. Blue Bell Creameries USA, Inc.*, 348 F.3d 1284, 1285 (11th Cir. 2003). This court cannot revisit the issues already resolved by prior adjudication and therefore this case is due to be dismissed.

### III. Conclusion

For the reasons stated above, the motion to dismiss (Doc. # 21) will be granted. A separate order shall be issued.

---

[2] To the extent that any of the Defendants in this case were not named parties to the Personnel Board action and appeal to the Tenth Judicial Circuit of Alabama, the court finds that they are either not proper parties to this action and/or that they have the same interest as the named parties to the previous action.

4

**DONE** this \_\_\_9th\_\_\_ day of June, 2004.

/s/ R. David Proctor

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE